## *In re* KEMMERER.

1. HABEAS CORPUS—CERTIORARI—RECORD—COMMITMENT—CRIMINAL SEXUAL PSYCHOPATHIC PERSON—JURY TRIAL—WAIVER.

   Claims of petitioner for habeas corpus that there had been no examination in open court on petition for his commitment as a criminal sexual psychopathic person and that he had not waived a jury trial thereupon *held,* not sustained by record on ancillary writ of certiorari (Act No. 165, Pub. Acts 1939).

2. CRIMINAL LAW—CRIMINAL SEXUAL PSYCHOPATHIC PERSON—DURATION OF DETENTION.

   An individual, previously convicted of five sex offenses and upon arrest for indecent exposure, examined and committed to the care of the State hospital commission as a criminal sexual psychopathic person, is not punished for the crime charged but is detained until cured of habit of committing sex offenses, hence detention was not illegal although it has lasted longer than maximum sentence which could have been imposed for crime charged (Act No. 328, § 335, Pub. Acts 1931; Act No. 165, Pub. Acts 1939).

3. HABEAS CORPUS—CRIMINAL SEXUAL PSYCHOPATHIC PERSON—TREATMENT—UNUSUAL PUNISHMENT.

   Individual committed as a criminal sexual psychopathic person who fails to receive proper treatment for his condition and is suffering any unusual punishment has remedy of habeas corpus, preferably in circuit court of county wherein institution in which he is confined is located (Act No. 165, Pub. Acts 1939).

4. CRIMINAL LAW—CRIMINAL SEXUAL PSYCHOPATHIC PERSON—DIS-
CHARGE—PETITION.

Denial of petition for discharge, filed by one committed as a
criminal sexual psychopathic person, was proper where petition
did not present a factual basis showing recovery entitling him
to discharge (Act No. 165, § 7, Pub. Acts 1939).

Habeas corpus proceedings by William G. Kem-
merer directed to Warden of the State Prison of
Southern Michigan to obtain release from prison
with accompanying certiorari to Thomas M. Cotter,
Judge of Recorder's Court of Detroit. Submitted
June 30, 1944. (Calendar No. 42,779.) Writs dis-
missed September 11, 1944.

*William G. Kemmerer,* in pro. per.

*Herbert J. Rushton,* Attorney General, *Edmund E.
Shepherd,* Solicitor General, *Perry A. Maynard,*
Assistant Attorney General, *William E. Dowling,*
Prosecuting Attorney, and *Henrietta E. Rosenthal,*
Assistant Prosecuting Attorney, for the people.

BUTZEL, J. On presentation of the petition of
William G. Kemmerer, we issued a writ of habeas
corpus to the warden of the State prison at Jackson
and an ancillary writ of certiorari to the recorder's
court of the city of Detroit. Returns were duly
made. The record shows that on January 21, 1941,
a warrant was issued charging petitioner with in-
decent and obscene exposure in the presence of a
young girl. Complaint was made under section 335,
Michigan penal code, Act No. 328, Pub. Acts 1931
(Comp. Laws Supp. 1940, § 17115–335, Stat. Ann.
§ 28.567), which defines such an offense as a mis-
demeanor punishable by imprisonment for not more
than one year or by fine of not more than $500. On
arraignment defendant stood mute. On examination
he was bound over for trial. Prior to the trial, how-

ever, a petition was presented by the prosecuting attorney for the examination of the defendant by psychiatrists in accordance with the provisions of Act No. 165, Pub. Acts 1939 (Comp. Laws Supp. 1940, § 6991–1 *et seq.*, Stat. Ann. § 28.967 [1] *et seq.*). The petition alleged that defendant was suffering from a mental disorder but was not insane or feeble-minded; that this psychosis had existed for not less than one year; that it manifests itself in criminal tendencies and in the commission of sex offenses; and that Kemmerer was a criminal sexual psychopathic person. It was shown that he had been convicted of indecent exposure and similar offenses on November 20, 1929, July 20, 1932, September 27, 1932, October 7, 1936, when he was convicted of disturbing the peace (window peeping), and November 17, 1937. He has served sentences for all these offenses except one for which he was placed on one year's probation. The prosecutor's petition was granted on January 31, 1941, and a psychiatric commission was appointed to examine Kemmerer in accordance with Act No. 165, Pub. Acts 1939. The commission filed a written report on April 1, 1941, and a hearing was held in open court at which the two members of the commission testified in the presence of defendant and defendant's counsel. Petitioner claims that there was no examination in open court, but the return of the trial judge shows that petitioner was mistaken. The record further shows that defendant had previously in writing waived a jury trial notwithstanding his present statement to the contrary. It further shows that petitioner was represented by counsel who stated in open court that petitioner had been advised of his rights and that he had desired to waive a trial by jury. The trial judge adjudged him to be a criminal sexual psychopath within the meaning of Act No. 165, Pub. Acts 1939, and committed him to

the State hospital commission to be confined in an appropriate institution under the jurisdiction of the commission or of the State corrections commission until he shall have been fully and permanently recovered, or otherwise discharged in proper legal proceedings.

The prisoner was first sent to Ionia State hospital but later was transferred to Jackson prison in accordance with an agreement between the State hospital commission and the State corrections commission under which the corrections commission would accept for therapeutic observation, care and treatment such persons who had been legally committed to the care of the hospital commission as criminal sexual psychopathic persons, and who were turned over to its care by the hospital commission. The agreement further recited that No. 12 block of the State prison of southern Michigan, located in Jackson county, Michigan, would constitute and be recognized as the official clinic for the transfer, observation, care and treatment of such designated persons. The Michigan corrections commission agreed to send psychiatrists periodically to the designated clinic located in No. 12 block, State Prison, Jackson, Michigan, for psychiatric examination of the ''visitors.''

The return from the recorder's court of the city of Detroit further states that on April 30, 1943, petitioner was paroled from the State prison to Detroit, that on July 2, 1943, he was recommitted as a parole violator, the violation consisting of indecent exposure and bestial conduct in the presence of some young girls, and that petitioner had not acquired sufficient self-control to refrain from such criminal indecencies, particularly when under the influence of liquor from which he did not have sufficient self-restraint to abstain. Petitioner, evidently a man of superior intellect, has marked psychopathic

deviations. In his petition for habeas corpus, petitioner attacks Act No. 165, Pub. Acts 1939, on the same grounds as were considered in *People* v. *Chapman,* 301 Mich. 584. It would serve no useful purpose for us to repeat what was so well stated in the carefully prepared opinion in that case. Had petitioner been convicted of the charge of indecent exposure, the maximum sentence could only have been one year, which now would have expired. He finds himself a prisoner for an indefinite period, possibly for life, because of the commission of a misdemeanor. The record fully shows that he is not being punished for a crime but he has been placed in the care of the State hospital commission until he recovers from his uncontrollable habit of committing sex offenses.

Petitioner further alleges that he is confined to Jackson prison and the sole distinction between his status and that of an ordinary convict is that he is called a "visitor" in accordance with Act No. 165, Pub. Acts 1939, and that he is kept in a separate cellblock exclusively used for criminal sexual psychopathic persons. He claims that his "visit" has been prolonged and he is asking to have it curtailed. The record indicates that the petitioner is an unfortunate person and, until cured, is unfit to enter society, and that he should be institutionalized until it is safe for both him and society that he be released. He alleges that he is not receiving proper care although the prison psychiatrist evidently visits him. He is entitled to proper care such as his condition and the good of society demands. If he is not receiving it and is suffering any unusual punishment, he can always present a petition for habeas corpus preferably to the circuit court of Jackson county where proper and full inquiry can be made into the facts. It is not within our province to prescribe the treatment that should be accorded petitioner. It must be borne

in mind that he is not being punished, that he is an unfortunate psychopath, and that he is entitled to such treatment as his condition requires.

Subsequent to his commitment, petitioner filed a petition for discharge, requested a hearing thereon in the lower court and filed a demand for a jury trial. The return of the trial judge of the recorder's court shows that the petitioner presented no factual basis in this petition showing recovery as required by Act No. 165, § 7, Pub. Acts 1939, the act under which petitioner is committed. The act does provide for jury trial but a petition for discharge first must contain a factual showing which, if proven to be correct, would result in a discharge. We have examined the petition and find that there is no such factual showing therein. The judge was correct in denying it.

Under the circumstances, we therefore hold that the prisoner is not entitled to habeas corpus and he is properly committed, and that, therefore, the writs are dismissed.

North, C. J., and Starr, Wiest, Bushnell, Sharpe, Boyles, and Reid, JJ., concurred.