## KEMMERER v. BENSON.
### No. 10482.

Circuit Court of Appeals, Sixth Circuit.
Jan. 26, 1948.

William Kemmerer, pro se.

Perry A. Maynard, of Lansing, Mich. (Eugene F. Black, Edmund E. Shepherd and Perry A. Maynard, all of Lansing, Mich., on the brief), for appellee.

Before HICKS, SIMONS and MARTIN, Circuit Judges.

HICKS, Circuit Judge.

Appeal from an order of the District Court denying appellant's application for a writ of habeas corpus.

The case was heard upon the petition, an order to show cause, the answer of the Director of the Department of Corrections, State of Michigan, and the reply of the petitioner to the answer. The application for the writ was denied.

It is clear that appellant was committed to the custody of the State Hospital Commission of Michigan as a criminal sexual psychopathic person under the provisions of Act 165 of the Public Acts of 1939 by the Recorder's Court of Detroit on April 1, 1941, after having been charged with a criminal offense, but having been adjudicated a sexual psychopathic person.

It is also clear that under the provisions of the above mentioned Act the Commission transferred appellant to the custody of the Warden of the State Prison of Southern Michigan for observation, care and treatment, so to remain until he had fully and permanently recovered from such psychopathy, or until further order and notice from the State Hospital Commission.

Appellant's complaint is that the District Court erred in not granting the writ because the statute, under the provisions of which he is detained, is unconstitutional and void from at least twelve different standpoints; that he is in fact as completely a prisoner as if he had been charged, convicted and sentenced for the commission of a crime, in that his fundamental rights as a person charged, convicted and sentenced are not in any way safeguarded.

A detailed statement of the facts of appellant's case is set forth in Re Kemmerer, 309 Mich. 313, 15 N.W.2d 652, 653, wherein the Supreme Court of Michigan denied him a writ of habeas corpus. Therein the court said: "The record fully shows that he (appellant) is not being punished for a crime but he has been placed in the care of the State Hospital Commission until he recovers from his uncontrollable habit of committing sex offenses."

■ In denying his writ the court followed People v. Chapman, 301 Mich. 584, 4 N.W.2d 18, wherein the Supreme Court declared the statute in question to be free from constitutional objections when considered in the light either of the Michigan or of the Federal Constitution. We are bound to follow the decision of the Supreme Court of Michigan concerning the interpretation of the Constitution or statutes of that State.

In Rowan v. People, 6 Cir., 147 F.2d 138, a case in all material aspects similar to appellant's, we said, "Appellant, in the proceedings under the statute, was not charged with a crime, he was not tried for violation of the criminal laws; and he is not being held as a criminal. He attacks the constitutionality of the Michigan statute, by virtue of which he is confined. The Act is not open to any of the constitutional objections raised by appellant."

In support thereof we cited In re Kemmerer, supra, and People v. Chapman, supra. We also cited State of Minnesota v. Probate Court, 309 U.S. 270, 60 S.Ct. 523, 84 L.Ed. 744, 126 A.L.R. 530, wherein the Supreme Court of the United States sustained the constitutionality of a similar Minnesota statute, M.S.A. §§ 526.09–526.11.

■ We conclude again that the statute does not violate any constitutional safeguards, state or federal, guaranteed to appellant. It is true that in his petition appellant avers that he was committed "without a trial on the accusation" against him, but we can hardly regard this as more than a conclusion in view of the established judicial record, not only in this case, but In re Kemmerer.

■ In his brief, both before the District Court and here, appellant makes certain statements of a factual nature which, if incorporated in his petition, would have been entitled to consideration, but we are not justified in accepting his unverified brief as a part of his verified petition. Appellant also sets out in his brief and not in his petition, that he is confined in a cell block with convicted criminals, that he is compelled to obey the rules of the prison and forced to labor in the prison industries; and that he is subject to the whims of prison guards, and not given appropriate treatment.

These are matters for the consideration of the State Hospital Commission, but even if they were incorporated in the petition and were shown to be true, they would not justify his discharge. Upon a writ of habeas corpus the court was without power to discharge appellant upon such grounds. See Platek v. Aderhold, Warden, 5 Cir., 73 F.2d 173.

Affirmed.