## In re KELMAR.

1. CRIMINAL LAW—PETITION FOR DETERMINATION AS CRIMINAL SEXUAL PSYCHOPATHIC PERSON—CONTENTS.

   The entire proceedings leading to a determination of criminal sexual psychopathy is initiated by and made dependent upon the filing of "a statement in writing setting forth facts tending to show that such person is a criminal sexual psychopathic person" (Act No. 165, § 3, Pub. Acts 1939).

2. SAME—PETITION FOR DETERMINATION AS CRIMINAL SEXUAL PSYCHOPATHIC PERSON—FACTUAL SHOWING.

   Petition for determination that a person was a criminal sexual psychopathic person, stating conclusions but failing to contain a factual showing which, if proven to be correct, would result

REFERENCES FOR POINTS IN HEADNOTES

[3] 15 Am. Jur., Criminal Law, § 376.
[3] Discharge on habeas corpus after conviction as affecting claim or plea of former jeopardy. 97 A.L.R. 160.

in commitment of such a person *held,* fatally defective (Act
No. 165, Pub. Acts 1939).

3. Same—Criminal Sexual Psychopathic Persons—Discharge
Without Prejudice.

Where .defendant who had been charged with incest and commit-
ted as a criminal sexual psychopathic person by proceedings
which were a nullity because petition was fatally defective and
statutory hearing afforded an insufficient basis for determina-
tion to commit, reversal of orders of commitment and deter-
mining him to be such a person, and discharge are without
prejudice to people's right to bring such further proceedings as
circumstances may require (Act No. 165, Pub. Acts 1939).

Habeas corpus by John Kelmar with accompany-
ing certiorari to Macomb Circuit Judge to obtain his
release from State Prison for Southern Michigan.
Submitted December 2, 1948. (Calendar No. 44,169.)
Commitment set aside and case remanded to circuit
court January 13, 1949.

*John Kelmar, in pro. per.*

*Eugene F. Black,* Attorney General, and *Edmund
E. Shepherd,* Solicitor General, for the people.

Reid, J. John Kelmar filed a petition for a writ
of habeas corpus and an ancillary writ of certiorari
to test the legality of his confinement in the State
prison of southern Michigan under authority of an
order of the circuit court for the county of Macomb
committing him to the custody of the State hospital
commission as a criminal sexual psychopathic person,
under Act No. 165, Pub. Acts 1939* (Comp. Laws
Supp. 1940, § 6991–1 *et seq.,* Stat. Ann. 1946 Cum.
Supp. § 28.967[1] *et seq.*).

While the petitioner was awaiting trial on a
charge of incest, the prosecuting attorney of Ma-
comb county filed in the circuit court what seems to
have been intended as a petition for examination of

---

* 4 Comp. Laws 1948, § 780.501.—Reporter.

the defendant by psychiatrists, pursuant to section 3* (Comp. Laws Supp. 1940, § 6991–3, Stat. Ann. 1946 Cum. Supp. § 28.967 [3]) which is as follows:

"When any person is charged with a criminal offense and it shall appear that such person is a criminal sexual psychopathic person, then the prosecuting attorney of such county, or the attorney general, may file with the clerk of the court in the same proceeding wherein such person stands charged with such criminal offense, *a statement in writing setting forth facts tending to show that such person is a criminal sexual psychopathic person.*" (Italics supplied.)

The important parts of the petition filed in this case are as follows:

"1. The above named defendant is charged with the crime of incest, involving a daughter, said offense claimed to have occurred on or about the 15th day of April, 1945.

"2. That the above named defendant is presently confined in the Macomb county jail awaiting trial on said charge.

"3. That the records of the welfare department for Macomb county, indicate that the defendant while confined to Veterans hospital in 1942, was recommended for commitment to Dearborn as a mental patient by a Doctor Finn of Veterans hospital.

"4. That the defendant was not confined because of certain veterans groups who endeavor[ed] to find a position for the defendant.

"5. That the petitioner believes that this court should inquire of the mental condition of the defendant and ought to appoint psychiatrists for the purpose of making such examination."

On May 11, 1946, the circuit judge entered an order that the defendant be examined by Dr. C. L. R. Pearman and Dr. Morton Barnett, both qualified psychiatrists. The two psychiatrists so appointed

---

* 4 Comp. Laws 1948, § 780.503.—REPORTER.

examined the defendant and made the following finding:

"We find that this patient is psychotic, he has definite delusions of a persecutory nature. In addition to this it is our opinion that he is a criminal sexual psychopath, and as such qualifies under Act No. 165, Pub. Acts 1939.

"It is our considered opinion that he should be committed to the Ionia State Hospital."

The attorney who had been appointed as counsel for defendant (the petitioner) having so demanded, a jury hearing or trial was had of the matters alleged in the petition as above quoted. The matter was submitted to the jury, who thereupon answered two questions as follows:

"1. Is the defendant insane or feebleminded? No.

"2. Is the defendant suffering from a mental disorder which has existed for more than one year, with criminal propensities to the commission of sex offenses? Yes."

Upon such determination by the jury, the circuit judge on June 28, 1946, committed the defendant as a criminal sexual psychopathic person "to the State hospital commission to be confined in an appropriate institution under the jurisdiction of the State hospital commission until such person shall have fully and permanently recovered from such psychopathy."

As pointed out by this Court in the case of *People v. Artinian,* 320 Mich. 441, 444 (decided since the commitment of Kelmar),

"The entire proceedings leading to a determination of criminal sexual psychopathy is initiated by and made dependent upon the filing of *'a statement in writing setting forth facts tending to show* that such person is a criminal sexual psychopathic person.' "

We further found in the *Artinian Case,* p. 445,

"While the petition filed in the instant case [*Artinian Case*] states conclusions as to defendant's condition, it fails to 'contain a factual showing which, if proven to be correct, would result in' commitment of defendant as a criminal sexual psychopath. For reasons stated in the *Kemmerer Case* [309 Mich. 313], this petition must be held to be fatally defective and, in consequence, the subsequent proceedings invalid."

Without dwelling upon other defects in the petition, we determine that the petition in the instant case is defective for failure to recite the particular facts required by section 3.

The order of commitment is set aside and the case is remanded to the circuit court without prejudice to the people's right to bring such further proceedings as the circumstances may require.

SHARPE, C. J., and BUSHNELL, BOYLES, NORTH, DETHMERS, BUTZEL, and CARR, JJ., concurred.