PEOPLE *v.* HILLES.

1. CRIMINAL LAW—EXAMINATION BY PSYCHIATRISTS—DISCRETION OF COURT.

Appointment of 2 psychiatrists to examine person accused of murder to determine whether or not he was a criminal sexual psychopathic person is within discretion of court where petition for their appointment is filed on behalf of the accused (CL 1948, §§ 780.503, 780.504).

2. SAME—PETITION FOR EXAMINATION BY PSYCHIATRISTS—ABUSE OF DISCRETION.

Abuse of discretion on part of trial court in denying petition, filed on behalf of person accused of murder, for examination by 2 psychiatrists to determine whether or not he was a criminal sexual psychopathic person, was not shown, under the circumstances, where it was second petition filed for such purpose and only showing that mental disorder had existed for more than statutory minimum of 1 year was accused's own statement containing medical conclusions undoubtedly beyond his lay comprehension and letter of a physician containing an expression of opinion based on little more than a reading of

REFERENCES FOR POINTS IN HEADNOTES
[1, 2] 26 Am Jur, Homicide, § 82.
[1, 2] Test of present insanity which will prevent trial for crime or punishment after conviction. 3 ALR 94.

defendant's own statement concerning the commission of the crime charged but not appreciably upon results of any personal examination or application of scientific tests to defendant (CL 1948, §§ 780.503, 780.504).

Appeal from Recorder's Court for City of Detroit; Gordon (Arthur E.), J.   Submitted January 12, 1950.   (Docket No. 71, Calendar No. 44,618.)   Decided February 28, 1950.

Theodore Hilles was charged with murder.   Petition by defendant for appointment of psychiatrists under CL 1948, § 780.503.   Petition denied.   Defendant appeals.   Affirmed.

*Saul C. Downes* and *Harry H. Anbender,* for petitioner.

*Stephen J. Roth,* Attorney General, *Edmund E. Shepherd,* Solicitor General, *Gerald K. O'Brien,* Prosecuting Attorney, and *Michael A. Guest,* Assistant Prosecuting Attorney, for the people.

Dethmers, J.   Defendant was charged with murder.   Before arraignment on information his attorneys filed on his behalf what purported to be "a statement in writing setting forth facts tending to show that such person (defendant) is a criminal sexual psychopathic person," as provided in CL 1948, § 780.503 (Stat Ann 1949 Cum Supp § 28.967[3]), supported by the affidavits of defendant's mother and attorney.   The court considered the petition, as it was termed, and denied it, filing a written opinion setting forth reasons for declining to appoint 2 psychiatrists to examine defendant and report to the court the results of their examination and conclusions therefrom in the manner provided in the succeeding section of the statute.   While the court's

opinion fairly reflects the view that the petition and supporting affidavits failed to set forth facts tending to show that defendant is a criminal sexual psychopathic person, the opinion contains language stressed by defendant's attorneys as persuasive that the petition was denied solely on the ground that it and the supporting affidavits failed to show that defendant's mental disorder had existed for a period of not less than 1 year, a prerequisite under the statute.

Defendant's attorneys thereupon filed a second petition, similar to the first, supported by (1) a letter from a physician to defendant's attorney expressing an opinion based on his reading of affidavits by defendant's attorney, father and mother and defendant's confession, (2) affidavit of defendant's father which, at most, shows the commission of one isolated offense, (3) affidavit of defendant's mother which sets forth no facts showing a mental disorder for a period of over 1 year, but merely conclusions to that effect, and finally (4) defendant's own statement, designed to remedy what defendant's attorneys conceive to be the only deficiency in their first petition, namely, failure to show the duration of defendant's mental disorder for a period of not less than 1 year.  From denial of the second petition defendant appeals.

CL 1948, § 780.503 (Stat Ann 1949 Cum Supp § 28.967[3]) permits the filing of the "statement in writing" by the prosecuting attorney, attorney general, or someone in behalf of the person charged. CL 1948, § 780.504 (Stat Ann 1949 Cum Supp § 28.-967[4]) provides that when such statement is filed by the prosecuting attorney or attorney general the court *shall,* or if filed on behalf of the accused the court *may,* appoint the 2 psychiatrists to examine the accused.  From the use of the word "shall" in the first instance and "may" in the second, it is evident,

as parties agree, that the legislature intended to
leave the question of whether the 2 psychiatrists
should be appointed to the discretion of the trial
judge when the petition therefor is filed by someone
in behalf of the accused. Was the court's refusal
so to do in this case, as defendant claims, an abuse
of sound judicial discretion?

Defendant cites *People* v. *Barnett,* 27 Cal2d 649
(166 P2d 4). In that case there had been filed with
the court the written opinions of 3 physicians based
on their personal examination of the accused and on
scientific tests applied to him. The court held that
such an unequivocal and uncontradicted showing had
been made that the accused did fall within the mean-
ing of the statute that refusal of the court to appoint
the psychiatrists as provided in the California stat-
ute constituted an abuse of discretion. No such situ-
ation confronted the court in the instant case. Here
the petition is a statement of many conclusions, but
not of facts tending to show that defendant is a crim-
inal sexual psychopathic person. The affidavits of
defendant's father and mother, stripped of their
conclusions, fail to set forth facts tending to show
that defendant has suffered from a mental disorder
for a period of not less than 1 year. The letter of
the physician is an expression of opinion based, in
the final analysis, on little more than defendant's
own statement concerning the commission of the
crime with which he stood charged, which state-
ment the physician says he read. It does not appear
that the physician based his opinion to any appre-
ciable degree upon the results of any personal exam-
ination or application of scientific tests to defend-
ant. There remains the statement by defendant
himself of medical conclusions undoubtedly beyond
his lay comprehension and of alleged facts calculat-
ed to show that he has for a period of over 1 year

suffered from the mental disorder contemplated by the statute.

With the existence of the first petition, its insufficiencies and consequent denial a matter of record, promptly followed by a second petition having no greater tendency than the first to show defendant's mental disorder for over 1 year, except for the attempt therein to overcome the shortcomings in that respect of the first petition by the simple addition of defendant's own statement professing a long record of sex offenses, did the denial of the second petition amount to an abuse of sound judicial discretion in view of what the court may well have considered to have been the possible motivating effects upon defendant in this connection of the provisions of the statute in question requiring the commitment of a criminal sexual psychopathic person to the State hospital commission rather than to a State prison and his discharge thereafter if and when found to have been cured and prohibiting his subsequent prosecution or sentencing for the crime with which he originally stood charged? A due regard for the facts and considerations thus confronting the trial court and a careful examination of the entire record leads us to hold in the negative.

Affirmed.

BOYLES, C. J., and REID, NORTH, BUTZEL, CARR, BUSHNELL, and SHARPE, JJ., concurred.