*In re* PRYOR.

1. CRIMINAL LAW—CRIMINAL SEXUAL PSYCHOPATHIC PERSON—PETITION—CONTENTS—SUFFICIENCY.

Petition for examination of one accused of a sex offense to determine whether or not he was a criminal sexual psychopathic person complied with statutory requirement that it contain a statement in writing setting forth facts tending to show accused was such a person, where it referred to the charge contained in the complaint and set forth the conviction of a previous sex offense (CL 1948, §§ 780.501, 780.503).

2. SAME—CRIMINAL SEXUAL PSYCHOPATHIC PERSON—HEARSAY STATEMENT.

An allegation in a petition for examination of one accused of a sex offense to determine whether or not he was a criminal sexual

---

REFERENCES FOR POINTS IN HEADNOTES
[1] Statutes relating to sexual psychopaths. 24 ALR2d 350.

psychopathic person that a psychiatrist who had examined him reported he was such a person is disregarded, since it amounted to nothing more than hearsay (CL 1948, § 780.503).

3. SAME—CRIMINAL SEXUAL PSYCHOPATHIC PERSON—WAIVER—EVIDENCE.

Determination that person accused of a sex offense was a criminal sexual psychopathic person was not founded on waiver only, where his father, attorney and he made statements at hearing on petition for such determination indicative of the accused's actual criminal sexual psychopathy in addition to making a formal waiver of proof (CL 1948, § 780.503).

4. LOST INSTRUMENTS—PSYCHIATRISTS' CERTIFICATES—TIME—EVIDENCE.

Order directing filing of copy of certificates of 2 court-appointed psychiatrists as of a date months previous to hearing on petition to declare that person accused of a sex offense was a criminal sexual psychopathic person was not without sufficient foundation or reason, where it appears to have been based upon the affidavit of the attorney then acting for the accused, the affidavit of the person who prepared the copy from the original report and the sworn petition of the prosecuting attorney for the restoration of the lost document to the court files.

5. CRIMINAL LAW—CRIMINAL SEXUAL PSYCHOPATHIC PERSON—PSYCHIATRISTS' REPORTS—SUFFICIENCY.

Reports of 2 court-appointed psychiatrists that person accused of a sex crime, which stated that the accused had "strong phantasies and desires in regard to girls of 10 or 12 years of age" contained sufficient facts on which they could base the conclusion of sexual psychopathy (CL 1948, § 780.503).

6. SAME—CRIMINAL SEXUAL PSYCHOPATHIC PERSON—JURISDICTION.

Court which permitted dismissal of charge of accosting and soliciting child for immoral purposes after accused pleaded guilty to charge of assault and battery and court then reconsidered motion to dismiss accosting and soliciting count and denied it, all without subsequently imposing a sentence had jurisdiction to commit accused after making determination that he was a criminal sexual psychopathic person upon statements made at hearing by the accused, his father and attorney and the reports of the 2 court-appointed psychiatrists (CL 1948, § 780.503).

Habeas corpus by Gordon Pryor, with accompanying certiorari to St. Clair circuit court, to obtain

release of his son Ronald Pryor, from State prison under custody of the State hospital commission. Submitted September 22, 1952. (Calendar No. 45,410.) Writ dismissed December 9, 1952.

*Guerra & Vogel,* for petitioner.

*Frank G. Millard,* Attorney General, *Delmar L. Cleland,* Prosecuting Attorney, and *William J. Ash* and *Stanley C. Schlee,* Assistant Prosecuting Attorneys, for the people.

REID, J. Petitioner Gordon Pryor, father of Ronald Pryor, filed his petition in this Court in behalf of Ronald Pryor, detained in the State prison under custody of the State hospital commission, for a writ of habeas corpus and ancillary writ of certiorari, seeking the release of Ronald Pryor from custody.

On November 18, 1949, Ronald Pryor was arrested on a criminal warrant issued by a justice of the peace. The warrant recited the charge against Pryor as follows:

"That Ronald Pryor, late of the city of Port Huron, county of St. Clair and State of Michigan, did accost, entice, and solicit one Norma French, a female child under the age of 16 years, to-wit: Of the age of 12 years, with the intent to induce the said child to commit an immoral act; contrary to CL 1948, § 750.145a (Stat Ann 1949 Cum Supp § 28.341)."

Upon the prisoner being brought before the justice, his right to retain counsel and to a preliminary examination was explained to him; he waived examination, and was committed to the circuit court for trial. On November 21, 1949, a criminal information alleging the commission of an offense in the wording of the warrant was filed in the circuit court;

the prisoner was arraigned thereon and stood mute. Thereafter and on the same day, November 21, 1949, a petition was filed with the circuit court by the prosecuting attorney praying that the court order an examination of the prisoner with a view toward determining whether or not he was a criminal sexual psychopathic person. The facts on which the petition is based are alleged in the petition as follows:

"That petitioner has been informed and has good reason to believe that Ronald Pryor is a criminal sexual psychopathic [person] as defined in CL 1948, § 780.501 (Stat Ann 1947 Cum Supp § 28.967 [1]). That petitioner, as prosecuting attorney of St. Clair county, Michigan, knows of his own knowledge that defendant was involved in a sex offense on August 3, 1948, and was found guilty by jury trial on October 21, 1948; that said Ronald Pryor has been examined within the past few months by a psychiatrist, who advised the court that the said defendant is a criminal sexual psychopath and definitely required psychiatric aid. Petitioner further states that defendant's continued association with society would be dangerous."

On the same day that the petition was filed, November 21, 1949, the court appointed Loyall Watson, a member of the St. Clair county bar, as attorney for the prisoner, and said attorney thereafter received service of process on behalf of the prisoner and appeared for him on the hearing had before the circuit court on September 1, 1950. Apparently the defendant Ronald Pryor was released on a thousand dollar cash bail, November 23, 1949. However, it appears that on August 14, 1950, he was in jail and was permitted by the order of the court to be transported for the purpose of examination to the Pontiac State hospital.

On September 1, 1950, a hearing was had on the matter of the alleged criminal sexual psychopathy

of the respondent Ronald Pryor.  The attorney acting on behalf of Ronald Pryor waived notice of hearing, waived jury trial and a presentation of evidence and consented to his commitment.  It appears that respondent Ronald Pryor and his father, now the petitioner for his release, both also consented to the determination by the court.  A report of examination was filed on December 15, 1949, signed by Drs. Wagley and Willis.  This report was, in effect, offered in evidence by respondent's attorney, Watson, on the hearing, though those 2 doctors were not appointed by the court.  Mr. Watson, on the hearing, referred to the report of Drs. Wagley and Willis as though establishing the criminal sexual psychopathy of respondent Pryor.  The court, on November 21, 1949, had appointed Dr. Herbert Schmale and Dr. R. M. Patterson, 2 reputable physicians, to examine the prisoner.  The answer of the prosecuting attorney states that Drs. Schmale and Patterson are regularly practising psychiatrists, which allegation is undenied.  The original report by Drs. Schmale and Patterson is now missing from the files, but a copy of their report was ordered by the court to be filed as of December 15, 1949, as a substitute for the original report.

Petitioner Gordon Pryor questions the sufficiency of the statement of facts as set forth in the prosecuting attorney's petition, hereinbefore quoted.  As to such petition, CL 1948, § 780.503 (Stat Ann 1951 Cum Supp § 28.967 [3]), requires:

"A statement in writing setting forth facts tending to show that such person is a criminal sexual psychopathic person."

The petition of the prosecuting attorney referred to the charge contained in the complaint (a sex offense against an under-age girl) and set forth the conviction on October 21, 1948, of a previous sex

offense. This is a sufficient compliance with the statutory requirements, as to statement of facts. Petitioner Gordon Pryor cites *In re Kelmar,* 323 Mich 511, in which case, however, it was alleged that Kelmar had been accused of an offense, not that Kelmar had been convicted. In the instant case, Pryor had been convicted of a previous offense indicative of sex deviation.

We disregard the allegation in the petition of the prosecuting attorney that a psychiatrist who had examined Pryor, reported that Pryor was a criminal sexual psychopathic person. It amounted, in the petition, to nothing more than hearsay. The opinion of Justice DETHMERS, in *Re Fidrych,* 331 Mich 485, 488, referring to opinions filed in that case, recites, "Such opinions do not satisfy the statutory requirements in this connection."

The petitioner, Gordon Pryor, claims the determination invalid as founded on waiver only. However, respondent's father (petitioner), the respondent himself and his attorney Watson, all made statements on the hearing before the court indicative of respondent's actual criminal sexual psychopathy, in addition to which there was a formal waiver of proof.

The certificates of the 2 court-appointed psychiatrists were before the court at the hearing. The originals had disappeared from the court files, but the order *nunc pro tunc* directed the filing of copies of such certificates as of December 15, 1949. The order *nunc pro tunc* seems to be based upon the affidavit of Loyall Watson, the attorney for respondent Ronald Pryor, the affidavit of Marion Zweidorff that she prepared the copy from the original report of Drs. Schmale and Patterson, and also the sworn petition of Delmar L. Cleland, the prosecuting attorney. No showing is made by plaintiff nor defect of record pointed out, to indicate that the order

*nunc pro tunc* was without sufficient foundation or reason.

Petitioner Pryor claims insufficient the certificates of the 2 court-appointed psychiatrists, Drs. Schmale and Patterson, on the ground that no facts are therein incorporated. Their report, dated November 30, 1949, sworn to December 1, 1949, besides reciting their opinion that respondent is a criminal sexual psychopathic person among other things contains the following:

"Physical examination shows scars on the inner aspects of his thighs which the patient claims that he does not know how they were acquired and feels that perhaps something 'has been done to me sexually.'

"Past history was obtained from the patient. * * * The patient's sexual adjustment has been marked by difficulties in heterosexual relationships, characterized largely by premature ejaculation. His orientation has always been a very infantile and immature one. * * *

"The patient speaks of the episodes on which the present charges are based quite frankly. He states that he never has actually done more than hold these girls very close to his body. He admits, however, to having strong phantasies and desires in regard to girls of 10 or 12 years of age. This is largely in keeping with his own immature personality orientation."

The subjection to "strong phantasies and desires in regards to girls of 10 or 12 years of age" is to be considered as an admission by respondent of subjective symptoms, not the mere conclusion of the examiners. We think the report contains sufficient facts on which to base the conclusion of sexual psychopathy.

The record contains a transcript of the proceedings before the trial court.

The calendar of the circuit record contains the following:

"Dec. 8 [1949] Motion to reduce charge to 'assault and battery' came on to be heard. After due consideration motion granted.

"Dec. 8 Plead guilty to charge of 'assault & battery'.

"Dec. 8 Former charge of accosting child for immoral purposes dismissed.

"Dec. 9 Motion to add count of assault & battery reconsidered and motion denied. Motion to dismiss count of accosting & soliciting child for immoral purposes reconsidered and denied."

The attorney for Gordon Pryor, petitioner, claims that by reason of the entries of the calendar just quoted, the circuit court for the county of St. Clair has exhausted its jurisdiction.

The calendar entries do not disclose any judgment or sentence of the circuit court upon the plea of guilty of assault and battery. The court in the instant case had jurisdiction. See *People* v. *Piasecki*, 333 Mich 122, at page 141.

The statements of the respondent Pryor, of his father and of his attorney, together with the report of the court-appointed psychiatrists, were sufficient for the court's determination of respondent Pryor's criminal sexual psychopathy.

The habeas corpus proceedings herein are dismissed and respondent Pryor is ordered returned to the custody of the department of mental health of the State of Michigan, successor to the State hospital commission.

ADAMS, C. J., and DETHMERS, BUTZEL, CARR, BUSHNELL, and SHARPE, JJ., concurred with REID, J.

BOYLES, J., concurred in the result.