PEOPLE *v.* SHIELDS.

CRIMINAL LAW—APPEAL AND ERROR—REMAND—SEXUAL PSYCHOPATH
—ADMINISTRATIVE ORDER—STATUTES.

> Remanding case of defendant, accused of assault with intent to commit murder and assault with intent to commit rape, for a psychiatric examination of defendant and, if appropriate, a hearing to determine if defendant is a criminal sexual psychopath, is proper, where Supreme Court entered an administrative order, prior to submission of appeal granted by Supreme Court, continuing jurisdiction of the circuit courts to hear petitions to test recovery of person committed as a criminal sexual psychopath, which was provided by public act in 1939, but repealed by public act in 1968; hence, the need for determination of the appeal to Supreme Court is eliminated and the way cleared for proceedings on remand as ordered by the Court of Appeals (PA 1939, No 165; PA 1968, No 143, CLS 1961, § 780.505).

Appeal from Court of Appeals, Division 2, Lesinski, C. J., and T. G. Kavanagh and Foley, JJ., affirming conviction, but setting aside sentence and remanding for psychiatric examination of defendant, Tuscola, Churchill (James P.), J. (Calendar No. 10, Docket No. 52,191.) Decided November 3, 1969. Rehearing denied December 1, 1969.

12 Mich App 154, affirmed.

Milton Shields was convicted of assault with intent to commit murder and assault with intent to rape. Defendant appealed to the Court of Appeals.

---

REFERENCES FOR POINTS IN HEADNOTE
5 Am Jur 2d, Appeal and Error § 962.
21 Am Jur 2d, Criminal Law § 527 *et seq.*
Statutes relating to sexual psychopaths, 24 ALR2d 350.

Conviction affirmed, but sentence set aside and case remanded for psychiatric examination of defendant to determine if he was a criminal sexual psychopath. The people appeal. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *James K. Epskamp,* Prosecuting Attorney, for the people.

*David N. Andreychuk,* for defendant on appeal.

PER CURIAM. November 22, 1968, this Court granted leave to review *People* v. *Shields,* 12 Mich App 154. See 381 Mich 788. Prior to submission of the appeal granted, this Court entered an administrative order under date of October ·20, 1969, continuing—as of August 1, 1968—the jurisdiction of the circuit courts which the legislature provided by PA 1939, No 165, as amended,[1] and repealed by PA 1968, No 143.[2]

The order, attached hereto as an appendix, explains itself. Entry thereof eliminates need for presentation and determination of this appeal and clears the way for proceedings on remand as ordered by the Court of Appeals.

The judgment of the Court of Appeals, remanding for a psychiatric examination of the defendant Shields and, if appropriate, a hearing pursuant to CLS 1961, § 780.505 (Stat Ann 1954 Rev § 28.967 [5]), is affirmed.

T. E. BRENNAN, C. J., and DETHMERS, KELLY, BLACK, T. M. KAVANAGH, and ADAMS, JJ., concurred.

T. G. KAVANAGH, J., took no part in the decision of this case.

---

[1] See MCLA §§ 780.501–780.509 (Stat Ann 1954 Rev and Stat Ann 1967 Cum Supp §§ 28.967[1]–28.967[9]).—REPORTER.

[2] See MCLA 1969 Cum Supp §§ 330.35b, 780.501–509 (Stat Ann 1969 Cum Supp §§ 14.825[2], 28.967[1]–28.967[9]).—REPORTER.

## APPENDIX

### (Administrative Order entered by Supreme Court October 20, 1969.)

"It appearing upon repeal of PA 1939, No 165, that jurisdiction to hear petitions to test the recovery of persons committed as criminal sexual psychopaths under the provisions of said act remains unresolved, that proceedings in various courts wherein relief has been sought have been dismissed with the result that a situation has continued for several months wherein the proper forum for reviewing the propriety of continued custody of persons committed under the provisions of said law remains in question, that protection of the basic rights of such persons and the uninterrupted administration of justice requires designation of a proper forum for hearing said matters until such time as the legislature shall provide clarification, now therefore, pursuant to the provisions of Const 1963, art 6, § 13, and PA 1961, No 236, § 601, the revised judicature act,[1]

"It is ordered, that until such time as there is further legislative clarification of jurisdiction of proceedings for testing recovery of persons committed under the provisions of said PA 1939, No 165, as amended,[2] jurisdiction shall continue and proceedings shall be conducted in accordance with the provisions of CL 1948, § 780.507, as amended by PA 1952, No 58 (Stat Ann 1954 Rev § 28.967[7]).

"This order shall constitute a rule of the Supreme Court within Const 1963, art 6, § 13, and shall be effective as of August 1, 1968; the date of effect of the repeal of PA 1939, No 165, as amended."

---

[1] MCLA § 600.601, Stat Ann 1962 Rev § 27A.601.—REPORTER.
[2] See MCLA §§ 780.501–780.509 (Stat Ann 1954 Rev and Stat Ann 1967 Cum Supp §§ 28.967[1]–28.967[9]).—REPORTER.