### SILVERS *v.* PEOPLE

1. COURTS—HABEAS CORPUS—COURT OF APPEALS—QUESTIONS OF FACT.

   The Court of Appeals is not the proper forum for determination of disputed facts in a *habeas corpus* action by a person committed as a criminal sexual psychopath who claims that he is not receiving treatment at the state hospital where he is confined.

2. COURTS—HABEAS CORPUS—QUESTION OF FACT—COURT RULES.

   Disputed facts in a *habeas corpus* action by a person committed as a criminal sexual psychopath who claims that he is not receiving treatment at the state hospital where he is confined must be determined in the circuit court of the county where he is detained (GCR 1963, 712.1[2]).

3. MENTAL HEALTH—CRIMINAL SEXUAL PSYCHOPATH—TREATMENT.

   A criminal sexual psychopath confined to a state institution has the right to treatment where detention is based upon commitment for a mental disorder and not upon a finding of guilt of a substantive crime (CLS 1961, § 780.505).

Original action in the Court of Appeals. Submitted Division 2 November 14, 1969, at Lansing. (Docket No. 4,551.) Decided February 23, 1970.

Complaint by Norton Silvers against the State of Michigan for *habeas corpus*. Remanded to Circuit Court for hearing.

---

REFERENCES FOR POINTS IN HEADNOTES
[1] 39 Am Jur 2d, Habeas Corpus §§ 105–116.
[2, 3] 39 Am Jur 2d, Habeas Corpus §§ 86, 87.

(1)

*Elliott S. Hall,* for petitioner.

*Frank J. Kelley,* Attorney General, *Robert A. Der-engoski,* Solicitor General and *Stuart H. Freeman,* Assistant Attorney General, for the State of Michigan.

Before: Levin, P. J., and Danhof and T. M. Burns, JJ.

Per Curiam. In August of 1963, petitioner was arrested and charged with kidnapping and sexually assaulting a six-year-old girl. A commission of three psychiatrists was appointed under CLS 1961, § 780.504 (Stat Ann 1954 Rev § 28.967[4]). Petitioner was found to be a criminal sexual psychopath under the statute and was committed to Ionia State Hospital as the result of a hearing under CLS 1961, § 780.505 (Stat Ann 1954 Rev § 28.967[5]) in December of that year. See generally, *People* v. *Holnagel* (1963), 371 Mich 347; see also *People* v. *Griffes* (1968), 13 Mich App 299.

In 1967 petitioner filed a petition for writ of *habeas corpus* with this court claiming that he was being illegally detained. An order to show cause was granted. Counsel was appointed by the Recorder's Court for the City of Detroit, and briefs were submitted by the parties.

Petitioner does not claim to be cured of his disorder, but claims that he is not being given treatment at the Ionia hospital. He thus contends that he is being illegally detained and should be released so that he might seek treatment elsewhere.

The people deny the petitioner's allegations and assert that petitioner has been uncooperative and has failed to respond to treatment.

This court is not the proper forum for determination of these disputed facts. The law is clear that

such determination is to be made by the circuit court in the county wherein petitioner is detained. GCR 1963, 712.1[2]. *In re Kemmerer* (1944), 309 Mich 313. For as the *Kemmerer* court said at p 317:

"[H]e is entitled to proper care such as his condition and the good of society demands. If he is not receiving it * * * , he can always present a petition for *habeas corpus* preferably to the circuit court [of the county wherein he is detained] where proper and full inquiry can be made into the facts."*

The constitutionality of the statute under which petitioner was committed was upheld because it was interpreted as a civil rather than criminal proceeding. *People* v. *Chapman* (1942), 301 Mich 584. Although PA 1939, No 165, the so-called criminal sexual psychopath act, has been repealed by PA 1968, No 143, the civil nature of the commitment and detention of persons such as petitioner remains unchanged. Therefore, if petitioner is in fact not receiving treatment, the principle invoked in *In re Maddox* (1958), 351 Mich 358, would apply.

In the *Maddox* case, the petitioner was a criminal sexual psychopath who was committed under the statute to receive "curative treatment" but found himself in Southern Michigan Prison being treated as an ordinary prisoner. The *Maddox* court found such incarceration to be an unconstitutional deprivation of liberty. Here, the place of confinement is "an appropriate state institution" within the meaning of the statute under which the petitioner was committed, CLS 1961, § 780.505 (Stat Ann 1954 Rev

---

* See *Rouse* v. *Cameron* (1966) 125 App DC 366 (373 F2d 451), and the controversy which it has generated. The *Rouse* controversy is perhaps most completely explored at a Wayne State University Law School symposium on The Mentally Ill and Implementing the Right to Treatment, which has been published in 36 Chi L Rev 742–801 (1969).

§ 28.967[5]), but this does not diminish the state's obligation to him. He is entitled to proper care and treatment. *In re Kemmerer, supra; In re Maddox, supra.*

Although § 7 of PA 1939, No 165 (CLS 1961, § 780.507 [Stat Ann 1954 Rev § 28.967(7)]) has been repealed by PA 1966, No 267, we find that the right to treatment where detention is upon commitment for a mental disorder and not upon a finding of guilt on the substantive crime remains inviolate.

The other issues which petitioner seeks to raise here with regard to the discharge provisions of PA 1968, No 143 (MCLA § 330.35b [Stat Ann 1969 Rev § 14.825(2)]) (which repealed PA 1939, No 165) are disposed of by an Administrative Order of the Supreme Court issued October 21, 1969, which says:

"It appearing upon repeal of PA 1939, No 165, that jurisdiction to hear petitions to test the recovery of persons committed as criminal sexual psychopaths under the provisions of said act remains unresolved, that proceedings in various courts wherein relief has been sought have been dismissed with the result that a situation has continued for several months wherein the proper forum for reviewing the propriety of continued custody of persons committed under the provisions of said law remains in question, that protection of the basic rights of such persons and the uninterrupted administration of justice requires designation of a proper forum for hearing said matters until such time as the legislature shall provide clarification, now therefore, pursuant to the provisions of Constitution 1963, art 6, § 13, and PA 1961, No 236, § 601, the revised judicature act.

"It is ordered, that until such time as there is further legislative clarification of jurisdiction of proceedings for testing recovery of persons committed under the provisions of said PA 1939, No

165, as amended, jurisdiction shall continue and proceedings shall be conducted in accordance with the provisions of section 7 of said act, CL 1948, § 780.507, as amended by PA 1952, No 58 (Stat Ann 1954 Rev § 28.967[7]).

"This order shall constitute a rule of the Supreme Court within Constitution 1963, art 6, § 13, and shall be effective as of August 1, 1968, the date of effect of the repeal of PA 1939, No 165, as amended." No 1969–4, 382 Mich xvii.

Petitioner's contention that he is not being given treatment at Ionia State Hospital is remanded to Ionia Circuit Court for hearing.

Remanded.