## PEOPLE *v.* ARTINIAN.

1. CRIMINAL LAW—PETITION FOR DETERMINATION AS CRIMINAL SEXUAL PSYCHOPATHIC PERSON—CONTENTS.

The entire proceedings leading to a determination of criminal sexual psychopathy is initiated by and made dependent upon the filing of "a statement in writing setting forth facts tending to show that such person is a criminal sexual psychopathic person" (Act No. 165, § 3, Pub. Acts 1939).

2. SAME—PETITION FOR DETERMINATION AS CRIMINAL SEXUAL PSYCHOPATHIC PERSON—FACTUAL SHOWING.

Petition for determination that a person was a criminal sexual psychopathic person, which stated conclusions but failed to contain a factual showing which, if proven to be correct, would result in commitment of such a person *held*, fatally defective (Act No. 165, Pub. Acts 1939).

3. SAME—DOCTOR'S REPORT—EVIDENCE—HEARING.

Adjudication that defendant was a criminal sexual psycopath based on doctor's report, containing no factual basis therefor, and on no further testimony than that of the doctors that they did so determine *held*, a nullity since the judgment of the doctors was substituted for that of the court and defendant was deprived of the hearing to which he was entitled under the act pursuant to which proceeding was had (Act No. 165, Pub. Acts 1939).

4. SAME—CRIMINAL SEXUAL PSYCHOPATHIC PERSONS—DISCHARGE WITHOUT PREJUDICE.

Where defendant who had been charged with rape and committed as a criminal sexual psychopathic person by proceedings which were a nullity because petition was fatally defective and statutory hearing afforded an insufficient basis for determination to commit, reversal of orders of commitment and determining him to be such a person, and discharge are without prejudice to people's right to bring such further proceedings as circumstances may require (Act No. 165, Pub. Acts 1939).

Appeal from Recorder's Court for the City of Detroit; Skillman (W. McKay), J. Submitted January 15, 1948. (Docket No. 91, Calendar No. 43,888.) Decided April 5, 1948.

Shahan Artinian was committed as a criminal sexual psychopath. Motion by defendant to set aside order of commitment denied. Defendant appeals. Reversed.

*Norman P. Silverstein,* for appellant.

*Eugene F. Black,* Attorney General, *Edmund E. Shepherd,* Solicitor General, *James N. McNally,* Prosecuting Attorney, and *Robert Newton Smiley* and *Mark Friedman,* Assistant Prosecuting Attorneys, for the people.

DETHMERS, J. Defendant was arraigned in the recorder's court for the city of Detroit on an information charging the crime of rape and entered a plea of not guilty. Before trial the prosecuting attorney filed a petition for examination of defendant by psychiatrists under Act No. 165, Pub. Acts 1939 (Comp. Laws Supp. 1940, § 6991–1 *et seq.,* Stat. Ann. 1945 Cum. Supp. § 28.967[1] *et seq.*). The petition alleged as reasons the following:

"1. The defendant is a person who is suffering from a mental disorder and is not insane or feeble-minded, which mental disorder has existed for a period of not less than one year and is coupled with criminal propensities to the commission of sex offenses; and as such, is a criminal sexual psychopathic person;

"2. That the defendant is, at the present time, charged with the crime of rape and is now waiting for trial;

"3.   That upon information and belief your petitioner avers that defendant has for several years past been suffering from the said mental disorder, though not insane or feeble-minded, said disorder is coupled with criminal propensities to the commission of sex offenses, and as such, a criminal psychopathic person."·

The court granted the petition and appointed a psychiatric commission which filed a report of examination as follows:

"Your commissioners, Doctors Edward Fine and L. W. Wiren, have examined the defendant, Shahan Artinian, both singly and collectively.   They had available the examination findings of the recorder's court psychopathic clinic.   They found that the patient is neither psychiatric nor feeble-minded.   Under the provisions of Act No. 165, Pub. Acts 1939, the patient must be considered a criminal sexual psychopath.   His behavior is compulsive in nature and he recognizes that he has no control over the expression of his impulses.   He has no insight into the causes of his deviated behavior.

"We recommend that in accordance with the provisions of Act No. 165 the patient be sent to an appropriate institution such as Ionia State Hospital for treatment and care.   As he is now constituted he will continue to repeat this present offense."

A hearing was held at which the only testimony introduced was that of two psychiatrists, who testified that they were the doctors appointed to the commission to examine defendant, that the report as filed embodied their findings, and that they found that defendant "is a criminal sexual psychopath within the meaning of Act No. 165, Pub. Acts 1939." The court thereupon adjudged defendant to be a criminal sexual psychopathic person and, as pro-

vided in the act, ordered that he be committed to the custody of the State hospital commission.

Two years later defendant filed a motion to set aside the order of commitment and to discharge defendant because the petition filed by the prosecuting attorney failed to contain the factual showing required by the statute and because there was no evidence to support the adjudication of the court. From an order denying his motion defendant appeals.

Under Act No. 165, Pub. Acts 1939, the entire proceedings leading to a determination of criminal sexual psychopathy is initiated by and made dependent upon the filing of *"a statement in writing setting forth facts tending to show* that such person is a criminal sexual psychopathic person."* The petition filed in this case alleges that defendant is a criminal sexual psychopathic person as defined in the statute, but this is supported by no allegations of a factual nature tending to show the correctness of the conclusion. Section 7 of Act No. 165 provides for the filing of a petition for the discharge of a person committed under the act upon his recovery from such psychopathy. That petition is required to be "in writing setting forth facts showing such recovery." Concerning such a petition, we said in the case of *In re Kemmerer,* 309 Mich. 313, the following:

"Subsequent to his commitment, petitioner filed a petition for discharge, requested a hearing thereon in the lower court and filed a demand for a jury trial. The return of the trial judge of the recorder's court shows that the petitioner presented no factual basis in this petition showing recovery as required by Act No. 165, § 7, Pub. Acts 1939, the act under which petitioner is committed. The act does provide for jury trial but a petition for discharge first must

---

* See section 3.—REPORTER.

contain a factual showing which, if proven to be correct, would result in a discharge. We have examined the petition and find that there is no such factual showing therein. The judge was correct in denying it.''

While the petition filed in the instant case states conclusions as to defendant's condition, it fails to ''contain a factual showing which, if proven to be correct, would result in'' commitment of defendant as a criminal sexual psychopath. For reasons stated in the *Kemmerer Case,* this petition must be held to be fatally defective and, in consequence, the subsequent proceedings invalid.

The adjudication that defendant is a criminal sexual psychopath is based on the doctors' report, containing no factual basis therefor, and on no further testimony than that of the doctors to the effect that they did so determine. Thus was the judgment of the doctors substituted for that of the court. Up to the moment defendant was ordered committed neither he nor the court had been apprised, either by the petition, the doctors' report or by one word of testimony, as to the facts upon which it was determined that he should be so committed. He could not defend against that of which he was not apprised. Defendant was deprived of the hearing to which he was entitled under the act.

The order denying defendant's motion to set aside the order of commitment and the order determining defendant to be a criminal sexual psychopathic person and committing him to the custody of the State hospital commission are reversed and set aside and defendant discharged accordingly, without prejudice to the people's right to bring such further proceedings as circumstances may require.

BUSHNELL, C. J., and SHARPE, BOYLES, REID, NORTH, BUTZEL, and CARR, JJ., concurred.