PEOPLE v. SEARCH.

1. CRIMINAL LAW—CRIMINAL SEXUAL PSYCHOPATHIC PERSON—STATUTES—CRIMINAL OFFENSE.
    Defendant was properly charged with the commission of a criminal offense under criminal sexual psychopathic person act, where written complaint on oath and warrant alleged that on a day certain and at a certain place he accosted an 8-year-old girl with intent to induce her to commit an immoral act (CL 1948, § 750.145a; § 780.503, as amended by PA 1950 [Ex Sess], No 25).

2. SAME—CRIMINAL SEXUAL PSYCHOPATHIC PERSON—JURISDICTION.
    The circuit court has jurisdiction to entertain a prosecuting attorney's petition to have an accused declared a criminal sexual psychopathic person upon the filing in the circuit court of the return of the examining magistrate binding the accused over to the circuit court for trial, jurisdiction of the circuit court not being dependent upon the filing of an information (CL 1948, § 766.13; § 780.503, as amended by PA 1950 [Ex Sess], No 25).

3. SAME—PRELIMINARY EXAMINATION—CHARGE OF CRIME.
    It does not follow that no crime has been charged merely because it was shown at the preliminary examination before the magistrate that no crime had been committed.

4. SAME—CRIMINAL SEXUAL PSYCHOPATHIC PERSON—MISCARRIAGE OF JUSTICE—REPORTS OF PSYCHIATRISTS.
    Order committing defendant as a criminal sexual psychopathic person held, not to have resulted in a miscarriage of justice, where it appears from reports to .the trial court by 3 examining psychiatrists that defendant had admitted the commission of many revolting acts of sexual misconduct (CL 1948, § 769.26).

REFERENCES FOR POINTS IN HEADNOTES
[1] Statutes relating to sexual psychopaths.  24 ALR2d 350.

Appeal from Cass; Mosier (Carl D.), J.   Submitted October 16, 1952.   (Docket No. 96, Calendar No. 45,529.)   Decided December 9, 1952.

Stanley Search was committed as a criminal sexual psychopathic person.   Affirmed.

*Frank G. Millard,* Attorney General, *Edmund E. Shepherd,* Solicitor General, *Daniel J. O'Hara,* Assistant Attorney General, and *Robert R. Waterson,* Prosecuting Attorney, for the people.

*James B. Stanley,* for defendant.

Boyles, J.   The defendant was charged in a criminal complaint and warrant with having accosted a child under the age of 16 years, to-wit, the age of 8 years, with intent to induce said child to commit an immoral act with him.   A preliminary examination was held before a justice of the peace and the defendant was bound over to the circuit court for trial, under the provisions of CL 1948, § 766.13 (Stat Ann § 28.931).   The magistrate's return was filed in the circuit court on July 27, 1950, and on October 9th, without the filing of an information, the prosecuting attorney filed a petition under the statute,* stating facts and circumstances, alleging the defendant to be a criminal sexual psychopathic person, and asking the court to appoint 2 psychiatrists to make an examination and report to the court in accordance with said statute.   The court appointed 3, each of whom filed a lengthy statement of facts and finding that the defendant was a criminal sexual psychopathic person who should be committed to the Mich-

---

* PA 1939, No 165 (CL 1948, § 780.501 *et seq.,* as amended by PA 1950 [Ex Sess], No 25 [Stat Ann 1951 Cum Supp §§ 28.967(1)—28.967(9)]).   The later amendment by PA 1952, No 58, does not apply.

igan department of mental health for custody and treatment under the law. Thereupon the court held a hearing, took testimony (a jury not having been demanded) and entered an order committing the defendant to the State department of mental health for treatment in an appropriate State institution until recovered or otherwise discharged. The defendant, on leave granted, appeals and urges 2 questions for reversal.

1. Was the defendant "charged with a criminal offense" within the meaning of section 3 of the criminal sexual psychopathic act, *supra*? The essential part of said section reads as follows:

"When any person is charged with a criminal offense, * * * and it shall appear that such person is a criminal sexual psychopathic person, as evidenced by such mental disorder which has existed for a period of not less than 4 months, then the prosecuting attorney * * * may file * * * a statement in writing setting forth facts tending to show that such person is a criminal sexual psychopathic person."

The complaint on oath and in writing before the justice of the peace who issued the warrant alleged that the defendant, on a day certain and at a certain place, "did unlawfully then and there accost one Joyce Ann Thornton, a child under the age of 16 years, to-wit, of the age of 8 years, with intent to induce said child to commit an immoral act with the said Stanley Search."

The essential part of the statute on which said complaint and warrant were based reads as follows:

"Any person who shall accost, entice, or solicit a child under the age of 16 years with intent to induce or force said child to commit an immoral act, * * * shall on conviction thereof be deemed guilty of a misdemeanor, punishable by imprisonment in the

county jail for not more than 1 year." CL 1948, § 750.145a (Stat Ann 1951 Cum Supp § 28.341).

The defendant was properly charged with the commission of an offense, under and in the language of the statute. The taking of the complaint on oath and in writing, by the magistrate, and the issuance of the warrant, satisfied the requirement of said section 3 of the act, which comes into bearing "when any person is charged with a criminal offense." *People* v. *Clark*, 33 Mich 112, 120; *People* v. *Ross*, 235 Mich 433, 444; *People* v. *Tillard*, 318 Mich 619, 626. Counsel for defendant, in claiming that he was not charged with a criminal offense, relies on *People* v. *Pippin*, 316 Mich 191. The distinction is plain. In the case at bar the defendant was charged with having accosted the 8-year-old child with intent to induce her to commit an immoral act with him. In *People* v. *Pippin, supra,* the defendant was charged with having violated a criminal law (a condition of probation) by inviting a boy into his car to take a ride. Quite properly the Court held that:

"Inviting a 13-year-old boy to enter an automobile is, in and of itself, no offense known to the law."

There is no merit in this claim of appellant that the court's order should be set aside.

2. Did the circuit court have jurisdiction to entertain the filing of the petition by the prosecuting attorney, to determine whether the defendant was a criminal sexual psychopathic person? The circuit court had jurisdiction, upon the filing in the circuit court of the return of the magistrate binding the accused over to the circuit court for trial. Jurisdiction did not depend upon the filing of an information. *Nelson* v. *People,* 38 Mich 618; *In re Elliott,* 315 Mich 662; *People* v. *Funk,* 321 Mich 617 (5 ALR2d 1077).

Appellant claims that the examination before the magistrate showed that no crime had been committed, hence it followed that no crime had been charged. Such conclusion is a *non sequitur*.

We find no error in the procedure whereby the trial court committed the defendant as a criminal sexual psychopathic person. The many revolting acts of sexual misconduct admitted by the defendant to the 3 examining psychiatrists and referred to by them in their several reports to the trial court plainly indicate that the order which the defendant seeks to set aside did not result in a miscarriage of justice. CL 1948, § 769.26 (Stat Ann § 28.1096).

Affirmed.

ADAMS, C. J., and DETHMERS, BUTZEL, CARR, BUSHNELL, SHARPE, and REID, JJ., concurred.