*In re* CARTER.

1. CRIMINAL LAW—CRIMINAL SEXUAL PSYCHOPATHIC PERSONS—SUF-
FICIENCY OF PROCEEDINGS—STATUTES—ACCUSATION OF CRIME.
Petition of prosecuting attorney requesting appointment of 3
psychiatrists to examine plaintiff, charged with assault with
intent to commit rape, which commission filed its report, to-
gether with conclusions and recommendations and proofs sub-
mitted on hearing failed to comply with statutory requirements
for commitment as a criminal sexual psychopathic person, in
that it was alleged and shown that plaintiff had been accused
of sex crimes on several occasions but that his guilt had never
been established (CL 1948, § 780.501 *et seq.*).

2. SAME—CRIMINAL SEXUAL PSYCHOPATHIC PERSON—ERRONEOUS
ALLEGATION IN PETITION.
Allegation in prosecuting attorney's petition for examination of
plaintiff to determine whether or not he was a criminal sexual
psychopathic person, that he had pleaded guilty to charge of
assault with intent to commit rape, known by the prosecutor
and the court to be erroneous, could not have the effect of
satisfying the statute that he was such a person (CL 1948,
§ 780.501 *et seq.*).

---

REFERENCES FOR POINTS IN HEADNOTES
[1–4] 28 Am Jur, Insane and Other Incompetent Persons § 29 Sup-
plement.
[1–4] Statutes relating to sexual psychopaths. 24 ALR2d 350.

3. SAME—CRIMINAL SEXUAL PSYCHOPATHIC PERSONS—ACCUSATION OF CRIME.

> A person must be charged with a criminal offense before a petition may be filed to have him examined to determine whether or not he is a criminal sexual psychopathic person, but the mere accusation of crime does not establish that he is a person subject to commitment as such (CL 1948, § 780.501 *et seq.*).

4. HABEAS CORPUS—CRIMINAL SEXUAL PSYCHOPATHIC PERSON—DISCHARGE WITHOUT PREJUDICE.

> The discharge on habeas corpus of a person who has been committed as a criminal sexual psychopathic person without compliance with statutory requirements is ordered to be made without prejudice to the people's right to bring such further proceedings as circumstances may require (CL 1948, § 780.501 *et seq.*).

Habeas corpus with accompanying certiorari by Quillie Carter to obtain his release from State Prison of Southern Michigan. Submitted August 25, 1953. (Calendar No. 45,898.) Prisoner discharged October 5, 1953.

*Stewart & Phillips,* for petitioner.

*Frank G. Millard,* Attorney General, *Edmund E. Shepherd,* Solicitor General, *Gerald K. O'Brien,* Prosecuting Attorney, *Ralph Garber,* Chief Assistant Prosecuting Attorney, and *Samuel Brezner* and *Samuel J. Torina,* Assistant Prosecuting Attorneys, for defendant.

DETHMERS, C. J. We allowed habeas corpus and the ancillary writ of certiorari to inquire into the legality of plaintiff's commitment to the custody of the department of mental health as a criminal sexual psychopathic person under PA 1939, No 165 (CL 1948, § 780.501 *et seq.* [Stat Ann 1951 Cum Supp § 28.967[1] *et seq.*]) and his detention as such by the

warden of the State prison of southern Michigan upon transfer thereto from the department.

Plaintiff was arraigned in the recorder's court for the city of Detroit on a charge of assault with intent to commit rape and pleaded not guilty. Before sentence the prosecuting attorney filed a petition requesting appointment of 3 psychiatrists to examine plaintiff and to file with the court a report of the results, together with their conclusions and recommendations. In response to the statutory requirement that it contain a statement of facts tending to show that plaintiff is a criminal sexual psychopathic person, the petition contained the following: (1) that representations had been made to the prosecuting attorney that plaintiff was suffering from such disorder; (2) that in April of 1950 plaintiff was accused of rape, but a warrant was denied because complainant refused to prosecute; (3) that in 1943 plaintiff was arrested for investigation of rape, but discharged; (4) that in June of 1950 plaintiff was accused of assault and battery, a warrant issued but no prosecution followed because complainant refused to appear in court and prosecute; (5) that in June of 1951 plaintiff was charged with rape and acquitted by a jury; (6) that plaintiff had pleaded guilty to the charge pending against him in the instant case. Later, on hearing, it was admitted by the prosecuting attorney that this was in error and that plaintiff had pleaded not guilty.

A commission was duly appointed by the court. It filed a report which set forth little more than that the physicians had examined plaintiff and had reviewed his criminal record as alleged in the prosecuting attorney's petition and that they concluded that he was a criminal sexual psychopathic person. A hearing followed in which the proofs paralleled the allegations in the prosecutor's petition.

Plaintiff says that (1) the petition, (2) the report of the commission and (3) the proofs on hearing, were insufficient or failed to comply with statutory requirements. We agree. At most, they allege or show that plaintiff had been accused of sex crimes on several previous occasions—not that he had ever been convicted, or his guilt established. In this connection it must be noted that it was a matter of court record, known to the prosecutor and the court, that the allegation in the prosecutor's petition that plaintiff had pleaded guilty in the instant case was in error. It could, therefore, have no efficacy to satisfy the statutory requirement. Although the petition alleged that plaintiff had frequently been accused, it set forth no facts from which it could reasonably be concluded that plaintiff was a criminal sexual psychopathic person. Under our decision in *People* v. *Artinian,* 320 Mich 441, it must be held that the petition was fatally defective and the ensuing proceedings insufficient.

We did not hold in *People* v. *Search,* 335 Mich 202, as contended by defendant here, that the allegation in the prosecutor's petition that plaintiff now stands charged with a sex crime meets the statutory requirement of stating facts tending to show that plaintiff is a criminal sexual psychopathic person, but only that such allegation discloses that the jurisdictional requirement of the statute has been met, namely, that a person must be "charged with a criminal offense" before such petition may be filed. Accordingly, in *Re Kelmar,* 323 Mich 511, a petition containing such allegation without the further statement of facts necessary to fulfill the requirements of the statute was held insufficient, while, on the other hand, a petition which alleged, in addition, that plaintiff had previously been convicted of a sex offense was held sufficient in *Re Pryor,* 335 Mich 212.

The order determining defendant to be a criminal sexual psychopathic person and committing him to the custody of the department of mental health is reversed and set aside and defendant discharged accordingly, without prejudice to the people's right to bring such further proceedings as circumstances may require.

Adams, Butzel, Carr, Bushnell, Sharpe, and Reid, JJ., concurred with Dethmers, C. J.

Boyles, J., concurred in the result.