## *In re* PUNGRATZ.

1. CRIMINAL LAW—CRIMINAL SEXUAL PSYCHOPATHIC PERSON—SUF-
FICIENCY OF PROSECUTOR'S STATEMENT.

   A prosecuting attorney's statement as to plaintiff's 6 previous
   convictions over a period of years of sex offenses and indecency
   was sufficient upon which to base proceeding to commit him as
   a criminal sexual psychopathic person (CLS 1954, § 780.501
   *et seq.*).

2. HABEAS CORPUS—CRIMINAL SEXUAL PSYCHOPATHIC PERSON—
EXAMINATION BY DOCTORS.

   Record in habeas corpus and ancillary certiorari proceeding *held,*
   not to bear out plaintiff's contention that his commitment as
   a criminal sexual psychopathic person was invalid because
   the doctors making the psychiatric commission's report were
   not those appointed for that purpose and it appears from the
   record that they did examine him (CLS 1954, § 780.501 *et seq.*).

Habeas corpus by Steve Pungratz with ancillary
writ of certiorari to Recorder's Court for City of
Detroit to test validity of incarceration as a criminal
sexual psychopathic person.   Submitted March 5,.
1957.   (Calendar No. 47,008.)   Writs dismissed May
17, 1957.

*Steve Pungratz, in propria persona.*

*Thomas M. Kavanagh,* Attorney General, *Edmund
E. Shepherd,* Solicitor General, *Gerald K. O'Brien,*
Prosecuting Attorney, *Ralph Garber, Samuel Brez-*

REFERENCES FOR POINTS IN HEADNOTES

[1, 2]  28 Am Jur, Insane and Other Incompetent Persons §§ 29, 30,
    32, 36.
[1, 2]  Statutes relating to sexual psychopaths.  24 ALR2d 350.

*ner* and *Angelo A. Pentolino,* Assistant Prosecuting Attorneys, for the people.

DETHMERS, C. J.   This case is an example of the consequences of prosecuting officials' failure to oppose a petitioner's application for writ of habeas corpus with a sufficient showing of pertinent facts available from the record in the court below.   Had this Court been duly apprised of those facts, as it ought to have been, it is altogether unlikely that we would have allowed the writ and ancillary writ of certiorari to issue.

Plaintiff's detention is under CLS 1954, § 780.501 *et seq.*  (Stat Ann 1954 Rev § 28.967[1] *et seq.*), as a criminal sexual psychopathic person.   His application for habeas corpus rested on 2 grounds.   The first is that the prosecuting attorney's petition, filed under the above statute, asking for appointment of psychiatrists to examine plaintiff was insufficient under our holdings in *People* v. *Artinian,* 320 Mich 441; and *In re Carter,* 337 Mich 496, in that it alleged only that plaintiff stood charged with 1 sex offense and had been accused of another without setting forth convictions of such offenses or other facts establishing their commission.   The papers before us when the application was granted tended to bear out that contention.   The return to the writ of certiorari now here discloses, however, that the prosecuting attorney's petition not only set forth the facts above stated, but, in addition, referred to, incorporated by reference and had appended to it a copy of plaintiff's criminal record, taken from the records of the Detroit police department identification bureau, listing 6 previous convictions of plaintiff, over a period of years, of sex offenses and indecency.   Such facts distinguish this case from *Artinian* and *Carter* altogether and place it, rather, within the purview of *In re Pryor,* 335 Mich 212,

in which we held sufficient a petition which referred to the sex offense of which the accused then stood charged and set forth his conviction of a previous sex offense.

Plaintiff's second ground is directed to a claimed defectiveness of the psychiatric commission's report. He suggests that the doctors making the report were not those appointed for that purpose. The return does not bear this out. He asserts that the report is not based on an examination of him by the doctors. The commission's report refutes that claim as do other of his own assertions in connection with his application.

Writs dismissed.

SHARPE, SMITH, EDWARDS, VOELKER, KELLY, CARR, and BLACK, JJ., concurred.