*In re* KADER.

1. CRIMINAL LAW—CRIMINAL SEXUAL PSYCHOPATHIC PERSON—SUFFICIENCY OF PETITION.

Petition alleging that defendant, charged with indecent liberties, had also attempted to pick up children as they were leaving school, and that his conduct about his home was strange because he would cut out pictures from catalogues and arrange them around his room in a manner typical of a 10-year-old child, did not meet the legal requirements of statute relative to proceeding against an accused as a criminal sexual psychopathic person (PA 1939, No 165).

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 28 Am Jur, Insane and Other Incompetent Persons § 29.
     Statutes relating to sexual psychopaths. 24 ALR2d 350.
[2] 28 Am Jur, Insane and Other Incompetent Persons §§ 36, 40.

:2. SAME—CRIMINAL SEXUAL. PSYCHOPATHIC PERSON—DISCHARGE WITHOUT PREJUDICE.

Discharge of defendant from commitment as a criminal sexual psychopathic person, because of insufficiency of petition whereby proceedings for such commitment were instituted, is without prejudice to the people's right to bring such further proceedings as circumstances may require (PA 1939, No 165).

Habeas corpus with accompanying writ of certiorari to the circuit court, Lenawee county, by Dale W. Kader, to obtain his release from incarceration under jurisdiction of the State hospital commission as a criminal sexual psychopathic person. Submitted September 9, 1957. (Docket No. 71, Calendar No. 47,487.) Prisoner discharged October 7, 1957.

*Dale W. Kader, in propria persona.*

*Thomas M. Kavanagh,* Attorney General, *Samuel J. Torina,* Solicitor General, *Kenneth B. Glaser, Jr.,* Prosecuting Attorney, *William L. McManus,* Assistant Prosecuting Attorney, for the people.

KELLY, J. On August 7, 1957, this Court issued an order requesting the circuit court of Lenawee county to certify to this Court what had been done in the matter of Dale W. Kader, who was committed to the State hospital commission as a criminally sexual psychopathic person on May 12, 1942. This file, Kader's petition and argument, and the prosecuting attorney's answer, have been submitted and considered by this Court.

The main and only question is as to whether the prosecuting attorney's petition addressed to the circuit court for the county of Lenawee was sufficient to give to said court the right to proceed under PA 1939, No 165 (See CL 1948, § 780.501 *et seq.* [Stat Ann 1949 Cum Supp § 28.967(1) *et seq.*]), said petition being as follows:

"1. That on the 22d day of December, 1941, the above named respondent, Dale Kader was charged in a complaint and warrant issued by Franklin J. Russell, justice of the peace for the city of Adrian of committing the crime of indecent liberties upon one Mary Hill, a female child under the age of 16 years, to-wit: 6 years.

"2. Petitioner further shows that the said Dale Kader was duly arraigned before Franklin J. Russell, justice of the peace and waived examination and was bound over to the January term of the circuit court for the county of Lenawee for trial. That upon arraignment in circuit court, the said respondent stood mute and a plea of not guilty was entered by the circuit judge.

"3. Petitioner further shows that he is informed and believes that the said Dale Kader is suffering from a mental disorder and is not insane or feeble-minded and that said mental disorder has existed for a period of not less than 1 year and is coupled with criminal propensities to the commission of sexual offenses.

"4. Petitioner further alleges that the facts upon which this belief is founded are that the said defendant did entice Mary Hill, aged 6 years to get in his automobile and take a ride when she was on her way home from school. That said respondent drove considerable distance from the neighborhood and parked in a little driveway going back into a field. That when he was parked on this side road, he handled her private parts with his hands in an indecent manner. That while respondent was committing this act of indecent liberties, he exhibited his penis. That at this time he hugged and kissed the little girl but made no effort to commit the crime of rape.

"5. That petitioner is informed and believes that said respondent has on other occasions driven in the vicinity of schoolhouses and stopped and attempted to pick up children as they were leaving school. Further that the respondent's conduct about his home

is strange and that he enjoys cutting out pictures from catalogues and arranging them about his room in a manner that would be typical of the conduct of a 10-year-old child.

"Wherefore petitioner prays that the court appoint 2 qualified psychiatrists to make a personal examination of the said Dale Kader to determine whether or not he is a criminal sex psychiatric person and that said psychiatrists be ordered to file with this court a report in writing of the results of this examination together with their conclusions and recommendations."

Beyond reciting facts which would justify the prosecuting attorney of Lenawee county in proceeding in a criminal action for the violation of statutes in regard to indecent liberties with a 6-year-old girl, said prosecuting attorney only added the statement that, through information, he believed that on other occasions petitioner had driven in the vicinity of schoolhouses and attempted to pick up children as they were leaving school and that petitioner's conduct about his home, according to the prosecutor's information, was strange because petitioner cut out pictures from catalogues and arranged them around his room in a manner typical of a 10-year-old child.

This Court in *In re Carter*, 337 Mich 496, definitely stated that in order to confer jurisdiction upon the trial court so that such court could proceed under PA 1939, No 165, the prosecutor should file a petition that legally meets the intent of the statute. We there said (p 499):

"Plaintiff says that (1) the petition, (2) the report of the commission and (3) the proofs on hearing, were insufficient or failed to comply with statutory requirements. We agree. At most, they allege or show that plaintiff had been accused of sex crimes on several previous occasions—not that he had ever been convicted, or his guilt established. * * *

Although the petition alleged that plaintiff had frequently been accused, it set forth no facts from which it could reasonably be concluded that plaintiff was a criminal sexual psychopathic person. Under our decision in *People* v. *Artinian,* 320 Mich 441, it must be held that the petition was fatally defective and the ensuing proceedings insufficient."

The prosecuting attorney's petition in the present case did not meet the legal requirements. Defendant is discharged without prejudice to the people's right to bring such further proceedings as circumstances may require.

DETHMERS, C. J., and SHARPE, SMITH, EDWARDS, VOELKER, CARR, and BLACK, JJ., concurred.