# OCTOBER TERM, 1957.*

*In re* IRVINE.

1. CRIMINAL LAW—CRIMINAL SEXUAL PSYCHOPATHIC PERSONS—SUF-
FICIENCY OF PETITION—JURISDICTION—COMMITMENT.
   Petition for commitment of defendant as a criminal sexual
   psychopathic person, which merely asserted defendant was
   then charged with indecent liberties and was awaiting trial
   and that some 4 years theretofore the police department had
   received a complaint against him for indecent exposure but
   no prosecution resulted and was otherwise completely lacking
   of any factual basis to support the conclusion that the de-
   fendant was such a person, did not give the trial court jurisdic-
   tion to commit defendant to the department of mental health,
   hence, order of commitment to that department was void (PA
   1939, No 165).

2. HABEAS CORPUS—CRIMINAL SEXUAL PSYCHOPATHIC PERSONS—DIS-
CHARGE WITHOUT PREJUDICE.
   The discharge on habeas corpus of a person who has been com-
   mitted as a criminal sexual psychopathic person without compli-
   ance with statutory requirements is ordered to be made without
   prejudice to the people's right to bring such further proceed-
   ings as circumstances may require (PA 1939, No 165).

Habeas corpus with accompanying writ of cer-
tiorari to the Recorder's Court of Detroit, by Ralph
Grant Irvine, to obtain release from incarceration as
a criminal sexual psychopathic person. Action re-
vived following parole and reincarceration. Sub-
mitted November 18, 1957. (Calendar No. 46,152.)

---

* Continued from Volume 350.

REFERENCES FOR POINTS IN HEADNOTES

[1]  28 Am Jur, Insane and Other Incompetent Persons § 29.
[2]  28 Am Jur, Insane and Other Incompetent Persons § 36.

Prisoner discharged without prejudice December 24, 1957.

*Ralph Grant Irvine, in propria persona.*

*Thomas M. Kavanagh,* Attorney General, *Samuel J. Torina,* Solicitor General, *Daniel J. O'Hara,* Assistant Attorney General, for the people, confessing error.

EDWARDS, J.   Ralph Irvine was committed in 1946 as a criminal sexual psychopath under PA 1939, No 165 (CL 1948, § 780.501 *et seq.*\* [Stat Ann 1946 Cum Supp § 28.967(1) *et seq.*]).   On March 4, 1954, defendant *in propria persona* sought original writs of habeas corpus and certiorari in this Court in order to attack the original petition under which he was committed.

On March 17, 1954, the people, through the office of the prosecuting attorney of Wayne county, confessed error and conceded that the petition upon which Irvine was committed was fatally defective under this Court's holding in *In re Carter,* 337 Mich 496.   The people's response recited the essential facts as follows:

"A copy of the prosecuting attorney's petition in the trial court is appended to the petition for habeas corpus.   We have compared it with the original and find it to be accurate.   It will be observed therefrom that the only factual basis for the conclusion that the defendant was a criminal sexual psychopath in September of 1945 was as follows:

"1. The defendant was then charged with indecent liberties, and was awaiting trial;

"2. On September 27, 1941, the Detroit police department received a complaint against the defendant for indecent exposure, but no prosecution resulted.

* This citation includes a 1947 amendment not applicable to this case.

"This factual showing was less complete than that which was rejected in *In re Carter,* 337 Mich 496, wherein this court held the proceedings to be void, and discharged the defendant.

"In view of the wholly unsatisfactory content of the 1945 petition, and its complete lack of any factual basis to support the conclusion that the defendant was a criminal sexual psychopath, we cannot conscientiously urge that the defendant-petitioner was lawfully adjudicated and committed. The issue has so clearly been decided in *In re Carter, supra,* that there is little room left for argument or discussion.

"Since the original petition is devoid of substance, we feel that it would be useless to issue a writ of habeas corpus and require a return thereon. Frankly there are no issues, and the return to the writ of habeas corpus would show what is found in the appended summary of proceedings.

"It is therefore urged that an appropriate order be entered on the basis of the fatal deficiency in the 1945 petition."

On April 14, 1954, Supreme Court records disclose, an order was entered for issuance of the writs sought.

Apparently, however, no order for discharge was ever entered. In place thereof, on October 6, 1954, Irvine was paroled. He was returned for violation of parole under his original commitment, February 5, 1957.

Under date of November 8, 1957, defendant, again *in propria persona,* files what we will treat as a petition for an order for discharge under the writ of habeas corpus originally granted.

The attorney general appears for the people and again confesses error, and recommends that defendant "be discharged without prejudice to the people's right to bring such further proceedings as circumstances may require."

The inadequacies of the original petition in this case have been amply discussed by this Court in *In*

*re Carter, supra;* in *People* v. *Artinian,* 320 Mich 441; and in *In re Kader,* 350 Mich 63. The petition set forth no facts under which it could be reasonably concluded that defendant was a criminal sexual psychopathic person. The fatal defects in the petition deprived the trial court of jurisdiction to enter the order of commitment under which defendant is now deprived of his liberty.

The order determining defendant to be a criminal sexual psychopathic person and committing him to the custody of the department of mental health is void.

An order may be entered for defendant's discharge, without prejudice to the people's right to bring such further proceedings as circumstances may require.

DETHMERS, C. J., and SHARPE, SMITH, VOELKER, KELLY, CARR, and BLACK, JJ., concurred.